[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112)
The plaintiff, Louise Barrows, administratrix of the estate of Dana Barrows, filed a complaint on May 22, 1995, against the City of Stamford, the Golf Commission, Charles Curley, a member and/or chairperson of the Golf Commission, and Michael Dale, manager of the golf course. The complaint alleges that on May 15, 1993, Dana Barrows was driving her car on a road by the E. Gaynor Brennan Golf CT Page 13473 course, a public course owned and/or maintained by the City of Stamford, when a golf ball hit Barrows' windshield, smashing the windshield and sending shards of glass into her eye.
Defendants move to strike the entire complaint.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id. at 215.
Defendants move to strike the complaint on five grounds: nonjoinder of all five Golf Commission members; governmental immunity; an individual cannot be held responsible for the conduct of a body of which he is but one member; the individual defendants were engaged in supervisory and discretionary functions, thus they have governmental immunity; and the individual defendants cannot be held liable in the absence of personal, tortious conduct.
Practice Book § 152 provides in part that "[a] motion to strike on the ground of the nonjoinder of a necessary party must . . . state his interest in the cause of action." A party is necessary if "its presence is absolutely required in order to assure a fair and equitable trial." Biro v. Hill, 214 Conn. 1, 5-6,570 A.2d 182 (1990). The defendants argue that a single individual has no authority to act for the commission. While the defendants argue that Curley cannot be individually liable, the defendants have provided no argument for why the other members are necessary parties and not simply joint tortfeasors, and for why the action would not be fair and equitable without their joinder. Furthermore, the defendants rely on an attached copy of the Stamford Charter for their proposition that Curley was not acting as an individual. The court, however, is limited to the facts alleged in the complaint which state that Curley was charged with the duty to maintain and/or administer the golf course.
Defendants claim the complaint must be stricken because the individual defendants are protected by governmental immunity because they were engaged in supervisory and discretionary CT Page 13474 functions. The public duty doctrine dictates the liability of municipal employees. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 166, 170 A.2d 1185 (1985). "If the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages." Id. If "the duty of the public official to act is not ministerial but instead involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal." Id. at 167. An exception is made where "it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm." Id. The threshold question is whether the duties of the public official are ministerial or discretionary. Id. "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . ministerial acts are performed in a prescribed manner without exercise of judgment or discretion as to the propriety of the action." Id. at 167-68.
Defendants claim that the individual defendants were engaged in discretionary/supervisory capacities and are therefore immune. Plaintiffs respond that in a motion to strike, when it is not clear from the face of the complaint whether the defendants were engaged in ministerial or discretionary acts, the motion to strike must be denied. The complaint states that Curley was charged with the duty to maintain and/or administer the golf course, and Dale was charged with the duty to maintain and/or manage the golf course. The complaint alleges that defendants failed to warn motorists and golfers about the danger, failed to prevent stray golf balls and failed to build a course so that golf balls would not enter public roads and cause damage. "Only when a complaint contains sufficient allegations that it can be determined, as a matter of law, that the municipality was engaged in the performance of a governmental function, a claim for governmental immunity may be raised on a motion to strike." Condito v. City of Stamford,4 Conn. L. Rptr. 75, 77 (May 14, 1991, Karazin, J.). It is submitted that the plaintiff's complaint does not contain allegations sufficient to determine, as a matter of law, whether the defendants were engaged in the performance of a discretionary or ministerial act. CT Page 13475
The defendants, in their motion, raise the issue of whether the city is immune. The defendants do not address the contention in their memorandum of law. Practice Book § 155. "Where an issue is raised by a party, and the party fails `to offer any reasoned explanation' or legal analysis, the `issue is not sufficiently briefed to warrant the court's consideration.'" Milford Bank v.Kerschner Research Develop., Superior Court, judicial district of Bridgeport, Docket No. 277089 (Jan. 6, 1990, Ballen, J.); Gaynorv. Union Trust Co., 216 Conn. 458, 481, 582 A.2d 190 (1990).
Lastly, defendants argue that an individual cannot be held liable in the absence of personal, tortious conduct. Again, the complaint states that the individual defendants had a duty, and the duty was breached.
The defendants' motion to strike is therefore denied.
KARAZIN, J.